UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOYCE SIMMONS,<br><br>    Plaintiff,<br><br>v.<br><br>W. Z. JENKINS, II, et al.,<br><br>    Defendants. | Case No. 18-cv-04099-VKD<br><br>**ORDER OF PARTIAL DISMISSAL AND OF SERVICE; DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION; INSTRUCTIONS TO CLERK** |

Joyce Marie Simmons, a federal prisoner, filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against prison officials at the Federal Correctional Institution in Dublin, California ("FCI-Dublin"). Dkt. No. 1. The Court liberally construes this section 1983 complaint as a *Bivens* action for the reasons discussed below. Ms. Simmons's motion for leave to proceed *in forma pauperis* has been addressed in a separate order. Dkt. No. 12.

I.  **STANDARD OF REVIEW**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). Pro se pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988); *Jackson v. Carey*, 353 F.3d 750, 757 (9th Cir. 2003).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the

alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). Here, the complaint challenges the actions of federal employees at FCI-Dublin and does not involve any state actors. *See Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388, 392–97 (1971) (recognizing a private right of action for damages for constitutional violations by federal employees or their agents). Accordingly, the Court will construe Ms. Simmons's complaint as a *Bivens* action and not as a section 1983 action, consistent with the Ninth Circuit's liberal construction requirements. *See Jackson*, 353 F.3d at 757; *see also Paige v. Geo Group, Oakland Center*, No. 17-cv-06116-HSG (PR), slip op. at 2 (N.D. Cal. Feb. 27, 2018) (construing section 1983 action as a *Bivens* claim in complaint by *pro se* prisoner); *Lloyd v. Corrections Corp. of America*, 855 F. Supp. 221, 222 (W.D. Tenn. 1994) (same).

To state a *Bivens* claim, a plaintiff must allege that the defendant violated a federal constitutional right while acting under color of federal law. *See Martin v. Sias*, 88 F.3d 774, 775 (9th Cir. 1996) (citing *Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir. 1991)).

## II. DISCUSSION

### A. Plaintiff's Claims

Ms. Simmons is currently incarcerated at FCI-Dublin where the events underlying this action occurred. Dkt. No. 1 at 1. Ms. Simmons claims that Defendants Warden W. Z. Jenkins II, Associate Wardens T. Mischel, and J. T. LeMasters acted with malice or evil intent when they removed religious material from the chapel during the Holy Month of Ramadan. *Id.* at 2. The items that were removed included DVDs, CDs, and VHS tapes, which Ms. Simmons claims were her only means of spiritual guidance. *Id.* Ms. Simmons says that the items were removed without adequate reasoning or justification, that they were not inflammatory, and that they would not cause a disruption or threaten prison security. *Id.* at 3. She contends that a prison chaplain advised her that the removal of the items is a result of "the new administration" and that the chaplain was not aware of any security concerns associated with the items. *Id.* at 4.

Ms. Simmons claims that the denial of these items placed a substantial burden on her right to exercise her religion. *Id.* She cites violations of her rights under the free exercise clause and establishment clause of the First Amendment, the equal protection clause of the Fourteenth

Amendment, the Religious Freedom Restoration Act ("RFRA"), and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). *Id.* She seeks declaratory and injunctive relief, as well as damages. *Id.*

Liberally construed, these allegations are sufficient to state cognizable *Bivens* claims based on the violation of Ms. Simmons's rights under the First and Fifth Amendments.[1] *See Martin*, 88 F.3d at 775. Furthermore, the only available relief in a *Bivens* action is an award of money damages for any injuries caused by a defendant acting in his or her individual capacity. *Ministerio Roca Solida v. McKelvey*, 820 F.3d 1090, 1093–96 (9th Cir. 2016). Accordingly, any claim for declaratory and injunctive relief against defendants must be dismissed.

Ms. Simmons also fails to state a claim under RLUIPA because that statute applies only to persons acting under color of state law, and defendants are all federal actors. 42 U.S.C. § 2000cc-5(4)(A). On the other hand, her allegations, liberally construed, are sufficient to state a claim under the RFRA, 42 U.S.C. §§ 2000bb–2000bb-4, which applies to the federal government. *Sossamon v. Texas*, 563 U.S. 277, 280 (2011).

### B. Exhaustion of Administrative Remedies

Ms. Simmons requests the Court to excuse her failure to exhaust administrative remedies "in the interest of justice." Dkt. No. 1 at 2. She appears to be admitting that she did not exhaust administrative remedies before filing this action.

The Prison Litigation Reform Act of 1995 ("PLRA") amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). A federal prisoner accordingly must exhaust all available administrative remedies with the Bureau of Prisons ("BOP") before filing a *Bivens* claim in federal court. *See Porter v. Nussle*, 534 U.S. 516, 524–25 (2002) (holding that revised § 1997e(a) applies to *Bivens* actions).

---

[1] The equal protection clause of the Fourteenth Amendment protects a person against state action. *City of Cleburne v. Cleburne Living Center*, 473 U.S. 432, 439 (1985). Because defendants are federal actors, the Court liberally construes this claim as a Fifth Amendment violation. *See High Tech Gays v. Defense Indus. Security Clearance Office*, 895 F.2d 563, 570–71 (9th Cir. 1990).

3

Because failure to exhaust is an affirmative defense under the PLRA, *Jones v. Bock*, 549 U.S. 199, 211 (2007), the Court will consider the issue of exhaustion only if defendants raise it.

**IV. CONCLUSION**

For the foregoing reasons and for good cause shown, the Court orders as follows:

1. The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint, all attachments thereto, and a copy of this order upon **defendants Warden W. Z. Jenkins, II, Associate Warden T. Mischel, and Associate Warden J. T. LeMasters at Federal Correctional Institution – Dublin (5701 8th St., Camp-Parks, Dublin, CA 94568)**. The Clerk shall also include a magistrate judge jurisdiction consent form. The Clerk shall mail a copy of this Order to Ms. Simmons.

2. The Court reminds defendants that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and the complaint. Pursuant to Rule 4, if defendants fail to waive service of summons after being notified of this action and asked to do so by the Court, on behalf of Ms. Simmons, they will be required to bear the cost of such service unless good cause is shown for their failure to sign and return the waiver form. If service is waived, this action will proceed as if defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), defendants will not be required to serve and file an answer before **sixty (60) days** from the day on which the request for waiver was sent. (This allows a longer time to respond than would be required if formal service of summons is necessary.) Defendants are asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before defendants have been personally served, the answer shall be due sixty (60) days from the date on which the request for waiver was sent or twenty (20) days from the date the waiver form is filed, whichever is later.

3. All communications from Ms. Simmons to the Court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the document

to defendants or defendants' counsel.

4. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

5. It is Ms. Simmons's responsibility to prosecute this case. She must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

6. No later than **ninety-one** (**91**) **days** from the filing date of this order, defendants may file a motion for summary judgment or other dispositive motion with respect to the claims in the complaint found to be cognizable above.

    a. Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If any defendant is of the opinion that this case cannot be resolved by summary judgment, such defendant shall so inform the Court prior to the date the summary judgment motion is due.

    b. **In the event one or more defendants files a motion for summary judgment, the Ninth Circuit has held that Ms. Simmons must be concurrently provided the appropriate warnings under *Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). *See Woods v. Carey*, 684 F.3d 934, 940 (9th Cir. 2012).**

7. Ms. Simmons's opposition to any dispositive motion shall be filed with the Court and served on defendants no later than **twenty-eight (28) days** from the date defendants' motion is filed. Ms. Simmons is advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Ms. Simmons is cautioned that failure to file an opposition to defendants' motion for summary judgment may be deemed to be a consent by Ms. Simmons to the granting of the motion,

and granting of judgment against her without a trial. *See Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (per curiam); *Brydges v. Lewis*, 18 F.3d 651, 653 (9th Cir. 1994).

8. Defendants shall file a reply brief in response to Ms. Simmons's opposition no later than **fourteen (14) days** after her opposition is filed.

9. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

10. Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

**IT IS SO ORDERED.**

Dated: December 21, 2018

*Virginia K. DeMarchi*
VIRGINIA K. DEMARCHI
United States Magistrate Judge